Argued and submitted December 9, affirmed December 29, 1982, reconsideration denied January 28, petition for review allowed February 15, 1983 (294 Or 536)
See 294 Or 570, 660 P2d 1061 (1983)

FROHNMAYER et al,
*Respondents,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Appellant.*

(No. 136-384, CA A26256)

655 P2d 1098

Barnes H. Ellis, Portland, argued the cause for appellant. With him on the briefs were Terrance R. Pancoast, Susan P. Graber, Stephen S. Walters, Charles F. Adams, Joyce A. Harpole, Laurel S. Terry, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

William F. Gary, Solicitor General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Stanton F. Long, Deputy Attorney General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this declaratory judgment action, defendant State Accident Insurance Fund Corporation appeals from the trial court's ruling that defendant is subject to the provisions of ORS chapter 180 relating to legal representation of state agencies by plaintiffs, the Attorney General and Department of Justice.

ORS 180.220 provides in relevant part:

"(1)   The Department of Justice shall have:

"(a)   General control and supervision of all civil actions and legal proceedings in which the State of Oregon may be a party or may be interested.

"(b)   Full charge and control of all the legal business of all departments, commissions and bureaus of the state, or of any office thereof, which requires the services of an attorney or counsel in order to protect the interests of the state.

"(2)   No state officer, board, commission, or the head of a department or institution of the state shall employ or be represented by any other counsel or attorney at law.

"* * * * *"

ORS 180.235(1) provides:

"Notwithstanding any provision of law to the contrary, whenever the Attorney General concludes that it is inappropriate and contrary to the public interest for his office to concurrently represent more than one public officer or agency in a particular matter or class of matters in circumstances which would create or tend to create a conflict of interest on his part, he may authorize one or both of such officers or agencies to employ its own general or special counsel in the particular matter or class of matters and in related matters. Such authorization may be terminated by the Attorney General whenever he determines that separate representation is no longer appropriate."

*See also* ORS 180.230.

■      Defendant contends that those statutes are inapplicable to it in connection with litigation it has brought to challenge the validity of two acts of the 1982 special session of the legislature. Defendant argues, first, that, because of

its status as "an independent public corporation" under ORS 656.751 *et seq.,* it is exempt from the representation provisions of ORS chapter 180. Our review of the relevant legislation persuades us that the establishment of defendant as an independent public corporation in 1979 did not relieve defendant from statutory requirements applicable to state agencies, except those requirements which the legislature *expressly* made inapplicable. *See* Or Laws 1979, ch 829, § 4(1). ORS chapter 180 is not among the statutory provisions the legislature has made inapplicable to defendant.

■      Defendant also argues that it does not come within ORS 180.220, 180.230 or 180.235, because those statutes use terms like "departments," "commissions," "bureaus," and "boards," but no descriptive reference that appears to specify independent public corporations. As plaintiffs note, however, the words used to refer to state instrumentalities in ORS chapter 180 vary from section to section, and there is no reason to think that the legislature intended them individually or collectively as terms of art. The statutes were clearly intended to apply to state instrumentalities, however denominated.

■      We conclude that defendant is subject to the provisions of ORS chapter 180 relating to legal representation. Defendant argues, however, that even if it is otherwise subject to those provisions, it is entitled to retain counsel of its choice for purposes of challenging the 1982 legislation, because that challenge is made in defendant's capacity as "trustee" of the Industrial Accident Fund, rather than in any of its capacities as a state instrumentality. Assuming without deciding that defendant acts in a trustee capacity with respect to the fund, nothing in ORS chapter 180 or defendant's argument demonstrates to us that it cannot or need not be represented by plaintiffs in that capacity as well as in its other capacities.

■ ■      Finally, defendant argues that the ORS chapter 180 provisions do not apply here, because plaintiffs have a conflict of interest in connection with defendant's challenge to the 1982 acts. ORS 180.235(1) provides that the Attorney General may authorize the employment of independent counsel if he determines that he has a conflict of

interest. Defendant has not requested the Attorney General to determine whether he has a conflict of interest respecting the underlying litigation.

    Affirmed.